**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Phone: 503.727.1200
E-mail: jared.hager@usdoj.gov
    Attorneys for the Applicant / United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM THE DISTRICT COURT IN ZVOLEN, SLOVAKIA | CASE NO. 3:20-cv-00198<br><br>APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY |

## APPLICATION

    The United States of America, by Billy J. Williams, U.S. Attorney for the District of Oregon, through Jared D. Hager, Assistant U.S. Attorney (the "Government"), petitions the Court pursuant to 28 U.S.C. § 1782 for an order appointing a magistrate judge or AUSA Hager as commissioner, and compelling Richard Damian Whyte, to produce evidence for use in a proceeding pending before a district court in Zvolen, Slovakia.

## INTRODUCTION

The United States is party to a multilateral treaty to assist judicial authorities in fellow signatory states in need of evidence located in the United States. *See* The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* Mar. 18, 1970, T.I.A.S. No. 7444, 23 U.S.T. 2555, 1972 WL 122493, *entered into force as to the United States* Oct. 7, 1972 (hereinafter the "Hague Evidence Convention").[1] This application aims to meet the Government's treaty obligations.

A district court in Slovakia has requested evidence pursuant to the Hague Evidence Convention.[2] Specifically, the Slovak court seeks income tax returns and testimony of Richard Damien Whyte ("Whyte"). The information is subject to no absolute legal privilege and would be discoverable in domestic litigation. However, Whyte has failed to respond voluntarily. The Government therefore asks the Court to issue an order pursuant to 28 U.S.C. § 1782 appointing a magistrate judge or AUSA Hager as commissioner, and compelling Whyte to produce documents responsive to the Slovakian court's request.

## FACTS

To assist in an action related to the modification of the parental rights and obligations of a minor child, the District Court in Zvolen, Slovakia, has requested the following information from Whyte:

1. Income tax returns for periods between 2009 and 2017.

2. What is his recent income for 2018?

3. What was his income for the period between 2009 and 2017? Or can he provide any other documents he has regarding his income, in addition to tax returns?

---

[1] The Hague Evidence Convention is reproduced as Exhibit 1 to the Declaration of Keith W. Ramsey.
[2] The Slovak court's request, officially translated by a sworn and certified court translator, is attached as Exhibit 2 to the Declaration of Keith W. Ramsey.

>   4. Has he fulfilled voluntary obligations of maintenance to the minor? If so, what amounts and what periods?

Ramsey Decl., Ex. 2, Slovakia's Letter of Request, at 2-3.

On or about May 6, 2019, the Slovak court sent its request to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"), which serves as the central authority for the United States under the Hague Evidence Convention. *See id.* at 1, 3; *cf.* 28 C.F.R. § 0.49(b). After confirming the Slovak court's request was properly executable, the OIJA delegated the request to the U.S. Attorney's Office for the District of Oregon ("USAO"), the federal judicial district where the target and evidence are located.[3] The OIJA instructed the USAO to request voluntary compliance before applying for an order pursuant 28 U.S.C. § 1782 to compel compliance with the Slovakian court's lawful Hague Evidence Convention request. *See* Ramsey Decl., Ex. 3, OIJA Letter, at 1.

The USAO attempted voluntary resolution for more than seven months, covering numerous interactions by email and over the phone. *See* Ramsey Decl. ¶¶ 5-15 & Exs. 4-9. Whyte never objected to producing responsive documents, and advised that he had taken concrete steps to voluntarily comply with the Slovak court's request. *See id.* ¶¶ 8-12. However, the USAO never received Whyte's response, and he eventually stopped returning emails and phone call. *See id.* ¶¶ 13-15. Unfortunately the efforts to voluntarily resolve this matter have been unsuccessful, necessitating this Petition.

---

[3] The OIJA's letter to the USAO, dated May 6, 2019, is attached as Exhibit C to the Declaration of Keith W. Ramsey.

Page 3    Application for Order to Compel Discovery

## ARGUMENT

I. **The Hague Evidence Convention Requires the Government to Help Slovakian's Courts to Obtain Evidence Located in the United States for Use in Judicial Proceedings in Slovakia**

The Hague Evidence Convention permits a judicial authority of a contracting state to request evidence for use in a judicial proceeding from the competent authority of another contracting state. *See* Ramsey Decl., Ex. 1B, Hague Evidence Convention, art. 1. In executing a request, the Convention requires the receiving state to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." *Id.* art. 10.

The United States and Slovakia are contracting states to the Hague Evidence Convention. The United States ratified the Convention on August 8, 1972, and it entered into force on October 7, 1972. *See* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493; *see also In re Futurecorp Int'l Pty Ltd.*, 2012 WL 5818288 (N.D. Cal. 2012) (granting *ex parte* application for discovery pursuant to the Hague Evidence Convention and 28 U.S.C. § 1782). Slovakia succeeded to the Convention on March 15, 1993, and it entered into force on January 1, 1993.[4] *See* Hague Evidence Convention Status Table, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited January 17, 2020).

The Slovak court's request complies with the Convention's requirements because it includes the following four pieces of information:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;

---

[4] On March 15, 1993, Slovakia declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia as well as objections by Czechoslovakia in respect of reservations made by other treaty parties – as of January 1, 1993, when Czechoslovakia divided into the Czech Republic and Slovakia. *See* Hague Evidence Convention Status Table, available at. https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=516&disp=type (last visited January 23, 2020).

      3. The nature of the proceedings for which the evidence is required; and

      4. The evidence to be obtained.

*See* Ramsey Decl., Ex. 1, Hague Evidence Convention, art. 3.

      In this case, the request indicates that the District Court in Zvolen, Slovakia is seized of an action between Eva Vilhanová, represented by Daniela Komorvá, and Richard D. Whyte. The underlying action concerns proceedings to modify parental rights and support obligations. The request includes the addresses of the parties and their representatives, and specifies the evidence to be obtained. *See* Ramsey Decl., Ex. 2, Slovakia's Letter of Request.

      The Government can refuse a proper Hague Evidence Convention request only if the request "does not fall within the functions of the judiciary" or the Government "considers that its sovereignty or security would be prejudiced" by executing the request. *See* Ramsey Decl., Ex. 1, Hague Evidence Convention, art. 12. Neither exception applies here. *See* Ramsey Decl., Ex. 3, OIJA Letter (directing the USAO to execute the lawful request). Simply put, the request seeks individual financial information that is discoverable in domestic litigation. *See, e.g.*, *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961) (observing that although tax returns "are made confidential within the government bureau, copies in the hands of the taxpayer are held subject to discovery") (internal citations omitted); *Heathman v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 1032, 1034-35 (9th Cir. 1974) (holding that tax returns are unprivileged and thus discoverable when relevant to civil litigation); *SEC v. Sassano*, 274 F.R.D. 495, 496-497 (S.D.N.Y. 2011) (compelling compliance with subpoena duces tecum to obtain defendant's financial information). If Whyte has no responsive information, he can attest to that fact.

**II.     Federal Law Enables the Court to Order Whyte to Respond to the Slovak Court's Request for Documentary Evidence**

Independent of the Hague Evidence Convention, federal law authorizes the Court to issue a discovery order in aid of foreign proceedings.  *See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-249 (2004) (discussing the history, purpose, and text of 28 U.S.C. § 1782).  A § 1782 request is proper if:

1. The request or letter rogatory is made by a foreign or international tribunal or other interested person;

2. The request is made to the district court of the district in which the target person resides; and

3. The request seeks the target person's testimony or statement, or the production of documents, for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246; *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *4 (D. Nev. May 28, 2015) (reciting the three elements of 28 U.S.C. § 1782).

The foreign request is proper in this case.  It is made by a Slovak district court; it is directed to Whyte, who resides in the District of Oregon; and it seeks documents and testimony for use in an action pending in a Slovak court.  The Court thus has discretion to issue an order in aid of the foreign proceeding.  *See Intel*, 542 U.S. at 246.

The Court should exercise its discretion to order discovery in aid of the Slovak district court's proceeding.  The Supreme Court identifies four factors district courts should consider when ruling on a § 1782 application: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal court assistance;

(3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See Intel*, 542 U.S. at 264-265; *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

All four factors weigh in favor of ordering discovery. First, the Slovak court has no jurisdiction over Whyte in Oregon, and thus cannot obtain the requested evidence without § 1782 assistance. Second, the request was made pursuant to the Hague Evidence Convention that Slovakia ratified, establishing that the Slovak court is receptive to U.S. federal court assistance and acting consistent with Slovakia's law. Finally, the request is limited in size and scope, seeking only specific information material to the outcome of the foreign court proceeding. It is not unduly intrusive or burdensome, and Whyte, to date, has not asserted any objection.

As for procedure, the Court has discretion to commission a person to collect evidence and submit it to the requesting foreign court. *See* 28 U.S.C. § 1782(a) ("The order may . . . direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."). The court-appointed commissioner can "administer any necessary oath and take the testimony or statement." *Id.* District courts regularly commission magistrate judges to execute § 1782 requests. *See* Hager Decl., Ex. C, OIJA Letter, at 5 & n.4 (noting that the appointment of magistrate judges as commissioner for purposes of executing § 1782 requests is common and approved by the Judicial Conference, citing H. Doc. No. 92-124, 92d Cong., 1st Sess., p.20 (1971)).

Page 7    Application for Order to Compel Discovery

## CONCLUSION

The district court in Zvolen, Slovakia needs assistance from the United States to obtain evidence from Richard D. Whyte for use in a pending civil action in Slovakia. The Court is authorized by treaty and by statute to appoint a commissioner and direct Whyte to provide evidence in aid of the foreign proceeding. Because the Slovak court's request satisfies the elements of both the Hague Evidence Convention and 28 U.S.C. § 1782, the Government respectfully asks for an order appointing a commissioner and compelling Whyte to produce information responsive to the Slovak court's request.

DATED this 5th day of February 2020.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Jared D. Hager*

JARED D. HAGER
Assistant U.S. Attorney